# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| **JONATHAN DAVID MONTGOMERY,** | * | |
| | * | |
| Plaintiff, | * | Case No. 4:18-cv-23 |
| | * | |
| v. | * | JURY DEMANDED |
| | * | |
| **HOMESITE INSURANCE COMPANY,** | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Homesite Insurance Agency, Inc.[1] ("Homesite"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby files this Notice of Removal of the above-described action to the United States District Court for the Eastern District of Tennessee, at Winchester from the Chancery Court for Coffee County, Tennessee where the action is now pending and states as follows:

1. This cause of action was commenced in the Chancery Court for Coffee County, Tennessee on March 15, 2018 and process was served on Homesite on March 23, 2018. A copy of Plaintiff's Complaint setting forth the claim for relief upon which the action is based was first received by the defendant on March 23, 2018. Thus, this removal is timely filed.

2. The action is a civil action for damages arising out of Homesite's denial of Plaintiff's request for insurance benefits arising out of a fire loss to the Plaintiff's real property in Coffee County, Tennessee. The United States District Court for the Eastern District of

---

[1] Homesite Insurance Agency, Inc. is improperly titled Homesite Insurance Company in Plaintiff's Complaint

Tennessee, at Winchester, has jurisdiction by reason of the diversity citizenship of the parties and amount in controversy in excess of $75,000.

3. Homesite is a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts. Therefore, Homesite is a citizen of Massachusetts. The Plaintiff is a citizen of Tennessee. Therefore, the parties are diverse.

4. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

5. Where "Plaintiffs seek 'to recover an unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the Defendant must establish that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.,* 997 F. 2d 150, 158 (6th Cir. 1993)). Stated another way, the "minimum amount in controversy is satisfied if a 'fair reading' of the Plaintiff's complaint makes it more likely than not that the damages exceed $75,000." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

6. Here Plaintiff seeks damages including "but not limited to the full costs of replacement of [his] home." (Exhibit A at 7). Plaintiff had insured the property at issue in this case for $117,000.00. (Exhibit A at ¶6).

7. A "fair reading" of Plaintiff's claim for "full costs of replacement" of the property insured for $117,000 makes it more likely than not that the amount in controversy of his claims would exceed $75,000, thus satisfying the amount in controversy prong of removal jurisdiction from this court.

8. A copy of the Plaintiff's Complaint served upon Homesite is filed with this

Notice and attached hereto as <u>Exhibit A</u>. The exhibits attached to Plaintiff's original Complaint are also filed with this Notice and attached hereto as <u>Exhibit B</u>, <u>Exhibit C</u>, and <u>Exhibit D</u>.

9. Homesite will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

10. A copy of this Notice will be filed with the Clerk of the Chancery Court of Coffee County, Tennessee as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Homesite requests that this action proceed in this Court as an action properly removed to it.

Dated this the 10th day of April, 2018.

Respectfully submitted,

**CARR ALLISON**

By: __/s/ Erin E. Gomez_____
**SEAN W. MARTIN, BPR #020870**
**ERIN E. GOMEZ, BPR #035152**
Attorneys for Defendant
651 E. 4th Street, Suite 100
Chattanooga, TN 37403
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
egomez@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2018 I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Sonya S. Wright, Esq.
Farrar Wright, PLLC
122 N. Church Street
Murfreesboro, TN 37130

**CARR ALLISON**

BY: _____/s/ Erin E. Gomez_____
**SEAN W. MARTIN, BPR# 020870**
**ERIN E. GOMEZ, BPR #035152**