UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| JOHN DAVID MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:18-cv-00023-TAV-SKL |
| | ) | |
| HOMESITE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Motion to Appoint Guardian *Ad Litem* [Doc. 18] filed by counsel for Plaintiff Jonathan D. Montgomery, pursuant to Tennessee Supreme Court Rule 8, Tennessee Rules of Professional Conduct, Rule 1.14, which addresses clients with diminished capacity. No party has objected to the motion. Upon review of the motion, the supporting proof, the argument of counsel during a telephonic status conference held January 2, 2020, and the post-hearing filings, the Court finds the motion [Doc. 18] is well-taken and it is **GRANTED** to the extent set forth herein.[1]

Accordingly, the Court appoints Kerry Knox, a licensed attorney in Murfreesboro, Tennessee, who is admitted to practice before this Court, as the Guardian *Ad Litem* for Plaintiff. Mr. Knox is appointed for the limited purpose of representing Plaintiff's best interests in this litigation, including but not limited to working with counsel for Plaintiff and with Plaintiff himself to proceed in this

---

[1] The Court notes that Plaintiff apparently has not been found to be incompetent in unrelated state criminal court proceedings. Federal Rule of Civil Procedure 17(c) provides that a "minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "A decision to appoint a guardian ad litem under Rule 17(C) "does not require a prior adjudication of incompetency through a state proceeding," and at least the Fourth Circuit "has held such an appointment to be within the discretion of the district court . . . ." *Demby v. Maryland Dep't of Health & Mental Hygiene*, No. CCB-06-1816, 2011 WL 5853266, at *2 (D. Md. Nov. 21, 2011) (citing *Fonner v. Fairfax Cty.*, 415 F.3d 325, 330 (4th Cir. 2005)).

litigation.  Should this case be resolved by settlement, the Court reserves ruling as to whether it will require proof as to how the settlement is in Plaintiff's best interest.  *See, e.g., March v. Levine*, No. 01-A-01-9708-PB00437, 1999 WL 140760, at *5 (Tenn. Ct. App. Mar. 17, 1999) ("The settlement of a claim by or against an infant or incompetent person must be based on proof showing that the settlement is in the . . . incompetent person's best interests." (citing *Thomas v. R.W. Harmon, Inc.*, 760 S.W.2d 212 (Tenn. Ct. App. 1988)); *see also* Tenn. Code Ann. § 34-1-107 ("Guardian ad litem; appointment; waiver; powers and duties").  The Court further reserves ruling on any issue of how any recovery on behalf of Plaintiff, through settlement or not, will be distributed.  *See* Tenn. Code Ann. § 34-1-104 ("Minor or person with a disability; distribution of money or property not exceeding sum of twenty-five thousand dollars").  The parties have not addressed these issues or the extent to which they apply in this case.

Finally, the parties did not address payment of Mr. Knox's fees and expenses.  The Court reserves ruling on any issue regarding any possible assessment of costs for payment of Mr. Knox's fees and expenses pending resolution of this case

The parties and Clerk are ordered to include Mr. Knox on all pleadings moving forward, using the provided contact information: Kerry Knox (TN Bar No. 023302), 117 South Academy Street Murfreesboro, TN 37130; Telephone: (615) 896-1000, Facsimile: (615) 896-1027, email: kek@castelliknox.com

**SO ORDERED.**

**ENTER:**

                                              s/ *Susan K. Lee*
                                              SUSAN K. LEE
                                              UNITED STATES MAGISTRATE JUDGE